UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO PARRA,<br><br>  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Civil No.: 16cv02879 JAH<br>Criminal No.: 14cr03160 JAH<br><br>**ORDER DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE UNDER 28 U.S.C. § 2255**<br>**[Doc. No. 24]** |

Pending before the Court is Alfredo Parra's *pro se* motion to vacate and correct his sentence under 28 U.S.C. section 2255. A section 2255 motion may be brought to vacate, set aside or correct a federal sentence on the following grounds: (1) the sentence "was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Petitioner argues the record does not support the sentencing enhancement he received under USSC section 2L.1.2. He maintains he never received the documents containing information on the predicate offense used to enhance his sentence in violation of *Mathis v. United States*. Additionally, he argues defense counsel never advised him of his right to appeal. In opposition, Respondent argues the petition is time-

barred, Petitioner waived his right to collaterally attack his sentence and the level 16 increase was appropriate.

November 13, 2014, Petitioner pled guilty to one count of a previously excluded, deported or removed alien found in the United States in violation of Title 8 U.S.C. section 1326(a) and (b). *See* Doc. No. 13. As part of his plea, Petitioner waived his right to appeal or collaterally attack his conviction. Plea Agreement at 10 (Doc. No. 13). On February 9, 2015, this Court sentenced Petitioner to 46 months which was the low end of the guideline range of 46 to 57 months. Presentence Report at 14 (Doc. No. 18). Petitioner's guideline calculation included a 16-level increase of his offense level pursuant to USSG section 2L1.2(b)(1)(A)(vii) based upon a prior felony drug trafficking offense, attempt to commit possession of marijuana for sale. *Id*. at 5; Reporter's Transcript at 6:3-4. He admitted to the 2008 conviction for attempt to commit possession of marijuana for sale in the plea agreement and affirmed he had an opportunity to discuss all the circumstances of his case with counsel and he had a clear understanding of the charges and his plea. Plea Agreement at 3, 5.

A motion brought under section 2255 must be filed within one year of the date the conviction becomes final. 28 U.S.C. §2255(f). Because Petitioner did not file an appeal, his conviction became final 14 days after February 9, 2015, the day he was sentenced. *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). As such, he had until February 24, 2016, to file his motion. His motion filed on November 21, 2016, is untimely.

In the motion, Petitioner asserts he is entitled to tolling because the Court and parties did not have the benefit of *Mathis v. United States* and defense counsel did not advise him regarding his right to appeal. The limitation period may be equitably tolled if the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 648 (2010). Petitioner provides no citation for the *Mathis* case and no argument as to how the case demonstrates he was prevented from filing his motion timely. In addition, the

1  Honorable Barbara L. Major, United States Magistrate Judge, questioned Petitioner about
2  his understanding of the plea agreement, his ability to discuss the sentencing guidelines
3  with his counsel and his understanding of the waiver of appeal and collateral attack at the
4  hearing where he changed his plea to guilty.  Petitioner fails to meet his burden of showing
5  extraordinary circumstances prevented him from timely filing his motion.  Accordingly,
6  the motion is DISMISSED as untimely.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules following 28 U.S.C. section 2254, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in Section 2255 cases such as this.  A habeas petitioner may not appeal the denial of a Section 2255 habeas petition unless he obtains a certificate of appealability from a district or circuit judge.  28 U.S.C. § 2253(c)(1)(B); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA).  A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further.  Lambright v. Stewart, 220 F.3d 1022, 1025-26 (9th Cir. 2000) (citing Slack v. McDaniel, 529 U.S. 473 (2000)).

Based on this Court's review of the record, this Court finds no issues are debatable among jurists of reason and no issues could be resolved in a different manner.  This Court further finds that no questions are adequate to deserve encouragement to proceed further. Therefore, Petitioner is not entitled to a certificate of appealability.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Petitioner's motion to vacate, set aside or correct his sentence is **DISMISSED**;

      2.      Petitioner's motion to appoint counsel is **DENIED as moot**;

      3.      Petitioner's motion for default judgment is **DENIED as moot**;

      2.      Petitioner is **DENIED** a certificate of appealability.

DATED:   September 13, 2021

                                                      JOHN A. HOUSTON
                                                     United States District Judge